IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KENYA A. GANER,

    Defendant.

Case No. 10-cr-40023-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Kenya A. Ganer's motion for retroactive application of the sentencing guidelines (Doc. 100).  The government filed its response (Doc. 103) to which Ganer replied (Doc. 105).  The government "responded" (Doc. 106) to Ganer's reply and Ganer subsequently "replied" (Doc. 107) to the government's "response."  For the following reasons, the Court dismisses the motion.

On September 27, 2010, Ganer pleaded guilty to conspiracy to distribute crack cocaine from in or about May 2007, through in or about April 9, 2010.  With a total offense level of 31 and criminal history category of four, Ganer's guideline range was 151 to 188 months.  However, his statutory mandatory minimum was 20 years imprisonment making his effective guideline range 240 months.  On February 14, 2011, the Honorable G. Patrick Murphy sentenced Ganer to 240 months imprisonment, ten years supervised release, a $100 special assessment, and a $500 fine.

Ganer filed the instant motion and maintains he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c), the Fair Sentencing Act of 2010, and *Dorsey v. United States*,

132 S. Ct. 2321 (2012).  The government, however, contends this Court does not have jurisdiction to consider Ganer's motion.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied*, 557 U.S. 914 (2009)**.**

Ganer cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 750 amended U.S.S.G. § 2D1.1 to lower some base offense levels associated with crack cocaine, it did not reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts.  *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").  Because Ganer was sentenced based on his statutory minimum sentence in accordance with U.S.S.G.

§ 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been twenty years. Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Ganer cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **DISMISSES** Ganer's motion for a sentence reduction (Doc. 100) for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED:** July 30, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**