UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>KENYA A. GANER,<br><br>     Defendant. | Case No. 10-cr- 40023-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Kenya A. Ganer's Motion to Clarify (Doc. 112). The Government has filed a Response (Doc. 113) to the Defendant's Motion and Defendant has filed a Reply (Doc. 114) to the Government's Response.

Defendant seeks clarification of this Court's Memorandum and Order (Doc. 111) issued on July 30, 2014, that denied Defendant's Motion (Doc. 100) for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses under 18 U.S.C. § 3582. The Court denied Defendant's Motion for lack of jurisdiction.

Defendant current motion requests clarification because, "[t]his Court's memorandum and Order did not address Mr. Ganer's invitation that this Court recharacterize his § 3582 Motion as a motion pursuant to § 2255." Defendant's "invitation" was contained in his Reply (Doc. 107) to the Government's Response. In both the initial Motion (Doc. 100) and the Reply (Doc. 107), Defendant's prayer for relief seeks a reduction of his sentence and does not state, as an alternative, a prayer to reclassify his Motion to a § 2255 Petition.

However, the Court is now interrupting Defendant's Motion to Clarify as containing a Request to reclassify his Motion (Doc. 100) for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses under 18 U.S.C. § 3582 to a 28 U.S.C § 2255 Petition. Although the

Government argues that Defendant's Motion to Clarify is untimely, the Court is deeming the motion properly filed.

Therefore, the Court **GRANTS** the Defendant's Motion (Doc. 112) to Clarify and **ADVISES** defendant of the Court's intent to re-characterize his motion (Doc. 100) as one filed pursuant to 28 U.S.C § 2255.   The record reflects that the defendant has not filed a 28 U.S.C. § 2255 petition.   Therefore, the Court **ADVISES** the defendant to examine *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).  Defendant is **CAUTIONED** that such re-characterization renders the instant motion and any subsequent § 2255 motion filed with this Court susceptible to each of the procedural limitations imposed upon § 2255 motions.

Specifically, defendant is **CAUTIONED** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.

In further compliance with the requirements of *Castro*, it is **ORDERED** that on or before Friday, **January 30th, 2015**, defendant shall advise this court whether he seeks to do one of the following:

1. Proceed before this Court pursuant to 28 U.S.C § 2255 on the claim presented in his motion and waive his right to be present at the resentencing;

2. Proceed before this Court pursuant to 28 U.S.C § 2255 on the claim presented in his motion without waiving his right to be present at resentencing;

3. Amend his motion to assert any additional claims pursuant to 28 U.S.C § 2255 on which he wishes to challenge the convictions and sentences imposed upon him by this Court; or

4. Withdrawn his motion.

Defendant is **FURTHER CAUTIONED** that if he fails to advise the Court that he wishes

to do one of the above, this cause shall proceed as an action under 28 U.S.C § 2255, with the Court considering only the claim presented in the original motion.

**IT IS SO ORDERED.**

**DATED:**   12/22/2014

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
